**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>C.W, a Minor, by his parents, B.W. and E.W.; )<br>K.W., a minor, by her parents, B.W. and E.W.; )<br>B.W. and E.W., individually; )<br>J.C. a minor; and F.C. and L.C., parents of J.C., )<br>        Defendants. ) | CAUSE NO.: 4:08-CV-51-AS-PRC |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint [DE 38], filed by Plaintiff State Farm Fire & Casualty Company ("State Farm") on April 14, 2009. Defendants C.W., K.W., B.W., and E.W. ("the Ws") filed an objection on April 20, 2009, and State Farm filed a reply on April 29, 2009. For the following reasons, the Court grants State Farm leave to file its proposed First Amended Complaint.

In December 2007, the Ws filed a civil complaint against Defendants F.C., L.C., and J.C. in Tippecanoe Superior Court. On May 29, 2008, counsel for the Ws notified the attorney hired by State Farm to defend F.C., L.C., and J.C. in the state court action that he contended that the alleged sexual molestation by J.C. happened in each of the policy years from 2001-2006, that the conduct in each of those years constituted a separate occurrence, and that the policy limits from each of those years was applicable.

State Farm filed its Complaint for Declaratory Judgment in this court on July 16, 2008. On July 24, 2008, the Ws filed an Answer. On November 20, 2008, the Court issued a Scheduling Order, setting the deadline to amend pleadings for April 15, 2009. Thus, the instant motion to amend is timely filed. On March 3, 2009, State Farm filed an Application for Clerk's Entry of Default as

to F.C., L.C., and J.C., and the clerk's entry of default was made on March 5, 2009. On March 17, 2009, State Farm filed a Motion for Summary Judgment, which remains pending. The time for the Ws to file a response has been extended to June 1, 2009.

In the instant motion, State Farm represents that, due to a February 26, 2009 letter from the Ws' attorney to defense counsel in the underlying state court case asserting that the multiple occurrences expose multiple policy limits, State Farm now seeks a coverage determination on this issue in this declaratory judgment action as well. On April 13, 2009, State Farm issued a second reservation of rights letter to the insureds on this coverage issue. Therefore, State Farm seeks to amend its Complaint to address the subsequent reservation of rights and the issue of multiple occurrences.

The Ws object to the amendments, first arguing that State Farm was on notice shortly after May 29, 2008 of their intent to assert that multiple occurrences implicate multiple policy limits based on their attorney's letter, yet State Farm failed to seek a declaration as to this issue in its Complaint filed on July 16, 2008. The Ws also argue that the proposed amendment at this time would substantially prejudice Defendants F.C. and L.C. They reason that F.C. and L.C. had little or no incentive to litigate this action under the original complaint and, thus, did not appear to defend themselves, resulting in the entry of default on March 5, 2009. As a result, the Ws argue that it would be inequitable to allow State Farm to file an Amended Complaint that would materially change the nature of the litigation against F.C. and L.C. after obtaining an entry of default against them.[1] The Ws explain that the proposed Amended Complaint essentially seeks a declaration from

---
[1] The Ws erroneously state that State Farm has obtained a "default judgment" against F.C. and L.C. In fact, only a clerk's entry of judgment has been entered against those defendants, and State Farm has not yet filed a Motion for Default Judgment against F.C. and L.C.

2

the Court reducing the insurance coverage from $1,500,00 to $300,00 and thus creating personal exposure for any judgment entered against F.C. and L.C. in excess of $300,000. The Ws also allege that State Farm has not served the proposed Amended Complaint on F.C. and L.C.

In reply, State Farm clarifies that the May 28, 2009 letter from the Ws' attorney was sent to defense counsel for F.C. and L.C. in the state court action, but was not sent to State Farm. Therefore, State Farm represents that it only became aware of the contention implicating multiple policy limits on March 3, 2009, in the form of the settlement demand letter from the Ws' counsel to defense counsel for F.C. and L.C. in the state court action, which was then forwarded by the defense attorney by facsimile to State Farm. State Farm argues that it has preserved its policy defenses by issuing a reservation of rights to J.C. on December 14, 2007, issuing a second reservation of rights to J.C., F.C., and L.C. on April 13, 2009, providing a defense to F.C. and L.C. at all times during the underlying state court action, and filing this declaratory judgment action. Finally, State Farm clarifies that it gave F.C. and L.C. notice of the instant motion to amend through the reservation of rights letter sent on April 13, 2009 and also by a courtesy copy sent by certified mail.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that the court "should freely give leave when justice so requires." *Id.* Thus, if the underlying facts or circumstances relied upon by a plaintiff are a potentially proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

The Court finds that justice requires that State Farm be permitted to file the proposed Amended Complaint. There is no evidence that there has been any undue delay, bad faith, or dilatory motive on the part of State Farm, as it only learned of the Ws' contention regarding multiple policy limits in March 2009. There is no allegation by the Ws that the amendments would be futile. Nor is there any prejudice to F.C. and L.C. in this matter because the clerk's entry of default was entered against them pursuant to Fed. R. Civ. P. 55(a) on the original Complaint; once the instant motion is granted, State Farm will be required to serve the Amended Complaint on F.C. and L.C., who will then have an opportunity to respond to the Amended Complaint and defend themselves in this declaratory judgment action. Moreover, State Farm has already provided F.C. and L.C. with notice of the instant motion and the proposed Amended Complaint.

Finally, State Farm represents that the state court trial has been continued from the week of May 12, 2009, to November 2009, and, therefore, the Court finds that the filing of the proposed Amended Complaint does not hinder, delay, or prejudice the defense of the underlying state court action. The issues to be addressed in the state court action seeking to determine tort liability for the injuries sustained by the Ws are separate from those raised in the instant action which seeks a declaration regarding contractual interpretation as to whether the homeowners policy at issue provides coverage for any settlement or damages in the state court tort action.

Based on the foregoing, the Court hereby **GRANTS** the Plaintiff's Motion for Leave to Amend Complaint [DE 38]. The Court **ORDERS** that State Farm shall have up to and including **May 6, 2009**, in which to **FILE** its First Amended Complaint.

SO ORDERED this 30th day of April, 2009.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record